34151. Spielberger v. Jackson, et al.

Gardner, P.J. 1. This is a case arising under the Housing and Rent Act, superimposed on the Georgia State laws. Briefly but substantially, the record reveals that J. Spielberger, plaintiff in error here, whom we shall call the defendant, was sued in the Civil Court of Fulton County by Mr. and Mrs. John W. Jackson Sr., whom we shall call the plaintiffs. The plaintiffs sued for treble damages and attorneys' fees, etc. The action was based on the statute of 1947, as amended. The housing authorities fixed the rental at $21 per month, as alleged by the petition. It was further alleged that the defendant had wilfully and knowingly demanded and collected from the plaintiffs $35 per month rental for a period of twelve months. The defendant answered to the effect that, under the provisions of the act, he did, between February 1, 1947, and March 31, 1949, inclusive, furnish additional accommodations by conversion, and thus under the provisions of the act the housing accommodations in question became automatically decontrolled, and that, after such additional housing accommodations were furnished, he and the plaintiffs entered into a written contract to increase the rent from $21 to $35 per month. $21 per month was the amount of rent fixed by

the housing authorities under the original Housing and Rent Act of 1942. The plea further stated that after furnishing the additional housing accommodations the defendant went to the office of the housing authorities for the area, which included the housing accommodations in question and the the housing authorities approved the increase in rent from $21 to $35 per month. Both the plaintiffs and the defendant entered a demand for a jury trial. The jury, after hearing the evidence and the charge of the court and argument of counsel, returned a verdict for $154, this being the single amount of damages for the period involved. A motion for a new trial was filed by the defendant on the general grounds. This motion was overruled. To this judgment the defendant filed his bill of exceptions to this court.

2. We will not go extensively into the evidence of the parties. We might state that the evidence for the plaintiffs as to the conversion of the premises is exceedingly vague and inconsistent, while that of the defendant was full and specific to the effect that the housing accommodations in question were converted as specified in his plea to meet the requirements and the demands of the authorities of the City of Atlanta. Therefore, if the case rested on this phase alone, we would be compelled to reverse the case. But since the jury were triors of the facts they were authorized to find that even though the housing accommodations in question were automatically decontrolled, the defendant did not produce sufficient evidence to demand a finding that he did, within 30 days after the conversion of the accommodations, notify the housing authorities and secure an increase in rental from $21 to $35 per month because of such conversion. It is true that the defendant testified that he went to the office of the housing authorities and notified them of the conversion of the accommodations and that they gave him "a writing" as well as told him that because of such conversion or improvements the housing accommodations became thus decontrolled and they would approve and authorize his collection of $35 per month from the plaintiffs, instead of $21 per month. The defendant claims to have lost the writing to this effect and the attorney for the housing authorities testified in the case that there was no record of any such notice by the defendant, nor any order to that effect. In addition, the plaintiffs introduced evidence for the court and jury to the effect that the original order issued to the defendant under the Act of 1942 fixing the rental of $21 per month was of file and further that after the eviction of the plaintiffs for the nonpayment of rent the defendant did report to the office of the housing authorities the conversion and improvements to the property. This being a jury question, the jury were authorized to find that the defendant failed to comply with the Housing and Rent Act of 1947, as amended. Accordingly, the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED JULY 16, 1952.

*Coogler & Ehlers,* for plaintiff in error.
*L. D. Burns Jr.,* contra.